684 So.2d 274 (1996)
Jeffrey BOROUGHS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-385.
District Court of Appeal of Florida, Fifth District.
December 6, 1996.
*275 James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Boroughs appeals from a final judgment of conviction and sentence after a jury found him guilty of one count of sexual battery,[1] and one count of battery[2] in a domestic violence case. Boroughs claims the trial court erred in admitting prior bad acts evidence. We affirm.
Prior to the trial, the state filed a notice of intent to use similar fact evidence.[3] Testimony as to the nature of the relationship between Boroughs and the victim was admitted, including prior bad acts of Boroughs. Much of the "bad acts" testimony actually involved the offenses for which Boroughs was charged; the rest involved the overall relationship between Boroughs and the victim.
The testimony revealed that Boroughs and the victim, Lora Derrix, met and began living together in an Apopka apartment in August of 1994. Derrix testified that by the following month, the relationship began to grow abusive: first verbally; then physically. She said Boroughs hit and kicked her. This evidence pertained to the charged offenses. She also testified that Boroughs stalked her while she was at work, made her go on his newspaper route in the middle of the night, prevented her from having friends, and became enraged if she spoke to other people. He threatened to kill her if she tried to leave him or if she called the police.
On March 27, 1995 Derrix asked Boroughs if they could go out to dinner. Boroughs responded only if she performed a sexual act on him. When she resisted, Boroughs forced her, and during the course of this act, he punched her on the side of her head with his fist. Two days later, Boroughs again struck and kicked Derrix when he became angry at her for not doing the laundry. This time, she suffered bruises about her body, including a black eye, bruises on her left arm, left leg and under her left breast. Derrix failed to call law enforcement officers immediately on these occasions because she feared for her life and safety. But on April 3, 1995, while at home alone, Derrix called 911 and paramedics took her to the emergency room of a nearby hospital. Charges were then filed against Boroughs.
Evidence of other crimes or wrongs is admissible only if it is relevant to prove a material fact in issue other than the defendant's bad character or propensity to commit the crime. § 90.404(2). A substantial portion of the testimony given here involved physical acts of abuse which pertained directly to the offenses with which Boroughs was charged. *276 As such, that evidence is not similar fact evidence, and it is admissible to prove the offenses charged. The remaining testimony is similarly admissible.
Although sexual battery is a general intent crime,[4] it requires that the sexual act be committed without the consent of the victim. Section 794.011(5), Fla. Stat.[5] Consent is defined as,
intelligent, knowing, and voluntary consent and does not include coerced submission. "Consent" shall not be deemed or construed to mean the failure by the alleged victim to offer physical resistance to the offender. (emphasis supplied)
§ 794.011(1)(a), Fla. Stat. (1995).
Derrix's lack of consent to the sexual act is an element of the offense which must be proven. This is particularly important in domestic violence cases. Failure to present evidence of Derrix's lack of consent, and why she did not immediately contact the police after these episodes, could have led the fact finder to conclude that the sexual act was consented to by Derrix as part of her relationship with Buroughs. As such, the entire pattern of behavior,[6] or relationship between the parties, becomes relevant to determine if "coerced submission" to the act existed, or whether the act occurred as a result of the victim's consent. Since the testimony was relevant on the sexual battery charge, no error existed in admitting it.
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] § 794.011(5), Fla. Stat. (1995).
[2] § 784.03, Fla. Stat. (1995).
[3] § 90.404, Fla. Stat. (1995). Also known as Williams rule evidence. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[4] Watson v. Dugger, 945 F.2d 367 (11th Cir.1991) (under Florida law sexual battery is a general intent crime).
[5] § 794.011(5) provides:

A person who commits sexual battery upon a person, 12 years of age or older, without that persons consent .... (emphasis added)
[6] Prior bad act evidence in abusive relationships has been permitted in other courts. In State v. Maelega, 80 Hawai'i 172, 907 P.2d 758 (Haw. 1995), it was permitted to show that the defendant had beaten his wife on other occasions. The court held that those acts were sufficiently similar to the charged offense, where the defendant fatally strangled and stabbed his wife. The ruling was based on Hawaii's rule of evidence 404(b), which is virtually identical to Florida's rule of evidence 404, at issue here. Maelega, 907 P.2d at 769.